IN THE MATTER OF J.A.G.

No. COA09-462-2

(Filed 3 August 2010)

**1. Juveniles— delinquency—subject matter jurisdiction**

The trial court had subject matter jurisdiction over a delinquency proceeding where the juvenile court counselor did not file a juvenile delinquency petition within fifteen days of receiving the original complaint, but a second complaint identical in substance to the first was received and a delinquency petition was timely filed.

**2. Juveniles— delinquency—adjudication—requirements not met**

An adjudication of delinquency was reversed and remanded where the trial court did not comply with the requirements of N.C.G.S. § 7B-2407(a) before accepting an admission by the juvenile.

Appeal by juvenile from orders entered 2 December 2008 by Judge M. Patricia DeVine in Orange County District Court. This case was originally heard in the Court of Appeals 14 October 2009. *See In re J.A.G.*, 2010 N.C. App. Lexis 228 (2010) (unpublished). Upon remand by order from the North Carolina Supreme Court, filed 16 June 2010. *See In re J.A.G.*, —— N.C. ——, —— S.E.2d —— (2010).

**IN RE J.A.G.**

[206 N.C. App. 318 (2010)]

*Richard Croutharmel for appellant-juvenile.*

*Attorney General Roy Cooper, by Assistant Attorney General Barbara A. Shaw and Assistant Attorney General LaToya B. Powell, for the State.*

ELMORE, Judge.

This Court initially heard J.A.G.'s appeal from an order entered 2 December 2008 denying J.A.G.'s motion to dismiss and an order entered 2 December 2008 adjudicating J.A.G. delinquent. *See In re J.A.G.*, 2010 N.C. App. Lexis 158 (2010) (unpublished). A unanimous panel of this Court vacated the orders based upon the trial court's lack of jurisdiction to consider the delinquency petition filed by the Orange County Department of Juvenile Justice and Delinquency Prevention (DJJDP). We based our decision on this Court's decision in *In re D.S.*, ⸺ N.C. App. ⸺, 682 S.E.2d 709 (2009) (*D.S. II*).

After we rendered our decision in *In re J.A.G.*, the Supreme Court reversed *In re D.S.* DJJDP petitioned our Supreme Court for discretionary review pursuant to N.C. Gen. Stat. § 7A-31. The Supreme Court entered the following order, certifying it to this Court:

> The Court allows the State's petition for discretionary review for the limited purpose of remanding to the Court of Appeals for reconsideration in light of our decision in In re D.S. No. 273PA09 (June 17, 2010). By order of the Court in conference, this 16th of June 2010.

Upon remand and after further review, we affirm the trial court's order denying J.A.G.'s motion to dismiss on the basis of subject matter jurisdiction, but we vacate the adjudication order.

## Background

This Court previously outlined the background leading to this appeal:

> On 15 August 2008, juvenile J.A.G. took and used without permission a golf cart that was the personal property of an apartment complex in Carrboro. On 12 September 2008, the Orange County Department of Juvenile Justice and Delinquency Prevention (DJJDP) filed juvenile delinquency petitions alleging that J.A.G. had committed the acts of felony larceny, misdemeanor injury to personal property, and misdemeanor resist, delay, and obstruct an officer.

IN RE J.A.G.

[206 N.C. App. 318 (2010)]

On 15 October 2008, J.A.G. moved to dismiss the juvenile petitions, arguing that the district court lacked subject matter jurisdiction over the petitions because the juvenile court counselor had missed the fifteen-day deadline for filing the petitions. The district court granted J.A.G.'s motion. However, apparently at the DJJDP's behest, the sheriff's office submitted a new complaint on 30 October 2008, alleging that J.A.G. had committed the same criminal acts on 15 August 2008 as the original complaint. This time, the juvenile court counselor filed the petition the next day, on 31 October 2008. J.A.G. again moved to dismiss based on a lack of subject matter jurisdiction. However, the trial court denied the motion, explaining that it was proper for the State to "come back again after a dismissal and do it right[.]" J.A.G. countered that allowing the State to ask complainants for new complaints after the statutory deadline on the original complaint had passed would "render that statute meaningless because anybody could just . . . miss the window and refile it." The following colloquy ensued:

THE COURT: That point is well taken, but it seems to me that there might be certain kinds of cases that had larger, longer time, more unsatisfactory time, untenable time between when they would get something and act on it. What I'm trying to say is there might be some cases that when it's dismissed it really is gone because of time's passage. In this case, it seems to me it was a rather narrow window in the first place. In other words, how many—I don't remember the first time—

[J.A.G.'s COUNSEL]: Well, there's a statutory window for everything no matter what the—

THE COURT: Yes, sir, but the facts of this case were that they missed the deadline by how many days? Do you remember?

[J.A.G.'s COUNSEL]: Several.

THE COURT: Within a week. My point is not months or—I think in some areas it's—that's been known to happen. In any event, this is an interesting question of law, and so let's see about that; but, I'm—I'm not willing to allow your motion to dismiss when my perception is the State did what—did the right thing in coming back to do it right.

*In re J.A.G.* at *1-*3.

## IN RE J.A.G.

[206 N.C. App. 318 (2010)]

**[1]** J.A.G. first argues that the trial court did not have subject matter jurisdiction to adjudicate him delinquent and subsequently to enter a disposition order. He argues that, pursuant to N.C. Gen. Stat. § 7B-1703, the juvenile court counselor had only fifteen days from the time she received the initial complaints to file the juvenile delinquency petition. Section 7B-1703 states, in relevant part, the following:

> (a) The juvenile court counselor shall complete evaluation of a complaint within 15 days of receipt of the complaint, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor. The juvenile court counselor shall decide within this time period whether a complaint shall be filed as a juvenile petition.

> (b) Except as provided in G.S. 7B-1706, if the juvenile court counselor determines that a complaint should be filed as a petition, the counselor shall file the petition as soon as practicable, but in any event within 15 days after the complaint is received, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor. The juvenile court counselor shall assist the complainant when necessary with the preparation and filing of the petition, shall include on it the date and the words "Approved for Filing", shall sign it, and shall transmit it to the clerk of superior court.

N.C. Gen. Stat. § 7B-1703(a)-(b) (2009).

When we first heard the case, we followed this Court's opinion in *D.S.*, which held that § 7B-1703 was jurisdictional in nature and any failure to comply with the time limits set out in § 7B-1703 deprived the trial court of subject matter jurisdiction over the delinquency petition. *In re D.S.*, —— N.C. App. ——, ——, —— S.E.2d ——, —— (2010) (*D.S. I*). In its opinion reversing our decision in *D.S.*, the Supreme Court clearly stated that § 7B-1703's timing requirements are not "prerequisites for the district court to obtain subject matter jurisdiction in a juvenile delinquency case." *D.S. II* at ——, —— S.E.2d at ——. The Supreme Court suggested that, like other Chapter 7B timeline requirements, the § 7B-1703 timelines are "directory, rather than mandatory." *Id.* at ——, —— S.E.2d at —— (citing *In re C.L.C.*, 171 N.C. App. 438, 443-45, 615 S.E.2d 704, 707-08 (2005) (referring to General Statute sections 7B-906(a) (scheduling of the initial post-disposition custody review hearing), 7B-907(c) (filing of

**IN RE J.A.G.**

[206 N.C. App. 318 (2010)]

permanency planning petition), and 7B-907(e) (filing of petition to terminate parental rights))).

*D.S. II* does not directly address what should happen when, as here, the State first fails to meet the § 7B-1703 deadline for filing a petition after receiving the complaint, but later receives a second complaint that is identical in substance to the first complaint, and timely files a juvenile petition based on the second complaint.[1] This strategy runs counter to two of the purposes underlying the juvenile delinquency statutes: "providing swift, effective dispositions" and "encourag[ing] the court and others involved with juvenile offenders to proceed with all possible speed in making and implementing determinations required by this Subchapter." N.C. Gen. Stat. § 7B-1500 (2007). However, in *D.S. II*, the Supreme Court explained that "[n]othing in these statutory provisions indicates our legislature's intent to elevate the expediency of the [juvenile court counselor]'s intake obligations over these other articulated purposes[.]" *D.S. II* at ——, —— S.E.2d at ——. It strikes us that permitting juvenile court counselors to refile a petition when they miss the statutory deadline discourages them from "proceeding with speed in making and implementing determinations" of juvenile delinquency. Regardless, the Supreme Court

> conclude[d] that the natural and ordinary meaning of the phrase, "when the complaint is received," is the date on which the [juvenile court counselor]'s office receives *a document* alleging that a juvenile is delinquent, and we further conclude that nothing about "the context requires [this phrase] to be construed differently."

*D.S. II* at ——, —— S.E.2d at —— (quoting *Shelton v. Morehead Mem'l Hosp.*, 318 N.C. 76, 82, 347 S.E.2d 824, 828 (1986)) (emphasis added). Here, the juvenile court counselor received "a document" alleging that J.A.G. was delinquent, which meets the Supreme Court's definition of a complaint. The juvenile court counselor then filed a juvenile petition based on that document within the fifteen-day deadline. Accordingly, we hold that the trial court complied with the requirements of N.C. Gen. Stat. § 7B-1703.[2] "We continue, however, to caution courts and parties that by failing to comply with the legislature's

---

1. It does not appear that the State appealed the trial court's initial dismissal for lack of subject matter jurisdiction.

2. We note that J.A.G. did not argue that he was prejudiced by the trial court's action.

mandates, they are disregarding the best interests of the children involved." *C.L.C.* at 444, 615 S.E.2d at 707.

**[2]** Because we held that the trial court lacked subject matter jurisdiction to enter the adjudication and disposition orders, we did not address the merits of J.A.G.'s case. He argues that the trial court failed to fully comply with the requirements of N.C. Gen. Stat. § 7B-2407(a) before accepting J.A.G.'s admission. We agree, and we reverse and remand on that ground.

"[T]he determination as to whether a juvenile's admission is a product of an informed choice as required by N.C.G.S. § 7B-2407(b), at a very minimum, is predicated upon the six mandatory requirements specifically listed in N.C.G.S. § 7B-2407(a)." *In re T.E.F.*, 359 N.C. 570, 574, 614 S.E.2d 296, 298 (2005). Section 7B-2407(a) allows a court to

> accept an admission from a juvenile only after first addressing the juvenile personally and:
>
> (1) Informing the juvenile that the juvenile has a right to remain silent and that any statement the juvenile makes may be used against the juvenile;
>
> (2) Determining that the juvenile understands the nature of the charge;
>
> (3) Informing the juvenile that the juvenile has a right to deny the allegations;
>
> (4) Informing the juvenile that by the juvenile's admissions the juvenile waives the juvenile's right to be confronted by the witnesses against the juvenile;
>
> (5) Determining that the juvenile is satisfied with the juvenile's representation; and
>
> (6) Informing the juvenile of the most restrictive disposition on the charge.

N.C. Gen. Stat. § 7B-2407(a) (2009).

Here, the trial court failed to inform J.A.G. of the most restrictive disposition on the charge, or that his admission waived his right to confront the witnesses against him, or that he had a right to remain silent and that anything he said could be used against him. The State concedes that the trial judge omitted three of the six mandatory

requirements listed in § 7B-2407(a). Accordingly, we reverse the adjudication and disposition orders and remand to the trial court.

Reversed and remanded.

Judges STEELMAN and HUNTER, JR., Robert N., concur.